UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Everlast Roofing, Inc.</u>

    v.                                           Civil No. 07-cv-020-JD

<u>Guy Fauteux d/b/a</u>
<u>Everlast Metal Roofs</u>

### REPORT AND RECOMMENDATION

    A hearing on damages was held on May 29, 2007.  Upon motion granted plaintiff proceeded on proffer.  Defendant defaulted on a complaint that he violated the trademarks "Everlast", "Everlast II", and "Everlast Roofing, Inc."  Plaintiff cannot quantify damages because it has not been able to get discovery.  However, the default under N.H. Rev. Stat. Ann. § 358-A does provide a monetary remedy, "actual damages or $1,000 . . . ."

    Here, shortly after first knowledge of the violation in 2005, defendant was sent, and receipted for, a "cease and desist" demand.  Counsel's follow-up call to defendant resulted in his wife acknowledging receipt of the demand and her assurance that defendant would change the name of his business.  In the fall of 2006, however, one of defendant's unhappy customers called plaintiff to complain of "Everlast's" bad job.  It became clear that defendant had again used the name and caused confusion.  I

find the defendant's violation of N.H. Rev. Stat. Ann. § 358-A willful. I triple the $1,000.00. I also award legal fees and expenses as set forth and detailed in Exhibit 1, a total of $9,795.46.

In addition, I recommend an injunction as requested.

In summary, I recommend judgment as follows:

1. Liquidated damages tripled   -   $ 3,000.00

2. Legal
   Fees        $9,287.98
   Expenses       507.48
                              9,795.46

                             $12,795.46

   together with interest from
   the judgment.

3. Injunction: Defendant is permanently enjoined, pursuant to N.H. Rev. Stat. Ann. § 358-A from using the trade name and trademarks "Everlast", "Everlast II", and/or "Everlast Roofing, Inc." and any other name that would cause confusion as to his affiliation with plaintiff.

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to

appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                      /s/ James R. Muirhead
                                      James R. Muirhead
                                      United States Magistrate Judge

Date:  May 30, 2007

cc:    Dawnangela A. Minton, Esq.
       John G. Osborn, Esq.